**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 9 1999**

**TENTH CIRCUIT**

_____

**PATRICK FISHER**
**Clerk**

RICHARD A. O'DONNELL,

     Petitioner-Appellant,

v.

HOYT BRILL, Warden; ATTORNEY GENERAL
FOR THE STATE OF COLORADO,

     Respondents-Appellees.

No. 99-1216
(D. Colo.)
(D.Ct. No. 98-B-1337)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Richard A. O'Donnell, a state inmate appearing *pro se*, appeals the district court's decision denying his request for a certificate of appealability and dismissing his petition under 28 U.S.C. § 2254. We deny Mr. O'Donnell's renewed request for a certificate of appealability, and dismiss his appeal.

Mr. O'Donnell is serving a sixteen-year sentence for conviction on eight counts of theft from at-risk adults, fifteen counts of fraud or deceit in the sale of securities, six counts of theft, and violation of the Organized Crime Act. Following his Colorado state conviction, Mr. O'Donnell, through counsel, filed a direct appeal with the Colorado Court of Appeals requesting a new trial on grounds the trial court forced him to represent himself.

Prior to disposition of his direct state appeal, Mr. O'Donnell filed a *pro se* federal habeas petition[1] claiming the state trial court improperly (1) denied him counsel at trial and forced him to represent himself; (2) failed to order a mistrial based on Mr. O'Donnell's inability to represent himself; and (3) advised the jury

---

[1] Because the Colorado correctional administration placed Mr. O'Donnell in a Minnesota correctional facility, he filed his petition for habeas corpus relief with the United States District Court for the District of Minnesota. The Minnesota court transferred the petition to the United States District Court for the District of Colorado for further proceedings.

to reach a verdict in a couple of hours. The district court referred the matter to a magistrate judge who recommended the court dismiss the petition based on Mr. O'Donnell's failure to exhaust his state court remedies, as evidenced by his pending state court appeal. In making this recommendation, the magistrate judge determined the record did not establish Mr. O'Donnell experienced, or would experience, any delay in the Colorado state appellate courts "of the magnitude required to justify excuse of the exhaustion requirement." The district court, after a review of the magistrate judge's recommendation and Mr. O'Donnell's objections thereto, issued a final order dismissing the petition without prejudice.

On appeal, Mr. O'Donnell raises the same issues raised in his habeas petition. He also contends the state district court's failure to provide a complete transcript to the Colorado Court of Criminal Appeals, coupled with the "excessive amount of appeals in the state of Colorado," has caused an inordinate two-year delay of his appeal.

Because of the seemingly inordinate delay in the progress of Mr. O'Donnell's state appeal, we ordered the State of Colorado to provide information on the status of the state appeal and justification, if any, for the delay. In response, the Colorado Office of the Attorney General filed a status report which,

together with information from the record, establishes Mr. O'Donnell filed his notice of appeal in the Colorado Court of Appeals August 29, 1997. Since that time, Mr. O'Donnell's counsel has requested numerous extensions of time in order to obtain missing trial court records, including four hearing transcripts, and moved the Colorado Court of Criminal Appeals to order reconstruction of the underlying record. In December 1998, the Colorado court granted Mr. O'Donnell's motion to reconstruct the record and ordered Mr. O'Donnell's counsel to file sixty-day status reports. Since then, the trial court has held several status conferences regarding reconstruction of the record, and Mr. O'Donnell's attorney has filed three status reports with the appeals court. The state's report indicates the record reconstruction is almost complete. In addition, Mr. O'Donnell's counsel expects to seek "at most" only one more thirty-day extension of time in order to complete Mr. O'Donnell's appeal brief.

Having examined the status of Mr. O'Donnell's state appeal, we now proceed to a *de novo* review of the legal basis for the district court's dismissal of Mr. O'Donnell's petition. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). Federal habeas relief is not available to Mr. O'Donnell unless he exhausts the remedies available in the courts of the state, or "'there is either an absence of available State corrective process or the existence

-4-

of circumstances rendering such process ineffective to protect [his] rights.'" *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting 28 U.S.C. § 2254(b)). We have said that "'inexcusable or inordinate delay by the state in processing claims for relief' may make the state process ineffective to protect the petitioner's rights and excuse exhaustion." *Id.* at 1555 (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). While we cannot establish a bright line for when inordinate delay occurs, we have concluded that "delay in adjudicating a direct criminal appeal beyond two years from the filing of the notice of appeal gives rise to a presumption that the state appellate process is ineffective." *Harris*, 15 F.3d at 1556. However, we also recognize that "in particular cases, the State may show that a delay of more than two years is justified, and therefore, good cause exists for not excusing exhaustion." *Id.* If Mr. O'Donnell demonstrates inordinate delay in the state process, then the state carries the burden of demonstrating "constitutionally sufficient justification for why further resort to the state courts should be required." *See id.* (citing *Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987)).

It is clear the delay in adjudicating Mr. O'Donnell's state direct criminal appeal has extended beyond two years from the filing of the notice of appeal, thus "giv[ing] rise to a presumption that the state appellate process is ineffective."

-5-

*Harris,* 15 F.3d at 1556. Nonetheless, the state has shown sufficient facts and circumstances justifying continuance of the state appeal process. First, the record indicates Mr. O'Donnell's own attorney requested the various extensions delaying the appeal, in order to obtain missing trial records he obviously considered necessary for any appeal. Second, as the state suggests, reconstruction of the trial record is almost complete, and in any event, without the missing records, our federal courts most likely cannot address the substance of Mr. O'Donnell's claims. Third, the Colorado Court of Appeals has not abandoned Mr. O'Donnell's appeal as evidenced by its orders (1) granting Mr. O'Donnell's motions for reconstruction of the record because of the apparent significance of the transcripts, and (2) requiring status reports because of its concern about the length of time needed to complete the record and its attempt to monitor the situation in order "to encourage" its expeditious completion. Finally, the fact Mr. O'Donnell is represented by counsel in the state appeal weighs in favor of allowing the state process to continue, rather than proceeding at the federal level to determine the merits of his *pro se* claims without the necessary trial records or counsel familiar with the substance of those records.

Because Mr. O'Donnell's direct state appeal is still actively pending and the state has met its burden of showing the benefits of completing the state appeal

process, we conclude Mr. O'Donnell should exhaust his state remedies prior to filing his habeas corpus petition. For these reasons, we deny Mr. O'Donnell's request for a certificate of appealability and **AFFIRM** the district court's order dismissing his habeas corpus petition without prejudice.[2]

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[2] We grant Mr. O'Donnell's motion to supplement his appeal brief, which we have reviewed, deny his request for expedited review brief and substitution of the parties, grant his request to "traverse" the state's status report, and note we have reviewed Mr. O'Donnell's response to that report.